IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYREONA WATSON,

        Plaintiff,

v.

FOREST CITY COMMERCIAL
MANAGEMENT, INC. d/b/a THE
MALL AT STONECREST and
NORTH AMERICAN MIDWAY
ENTERTAINMENT-ALL-STAR
AMUSEMENT, INC.,

        Defendants.

1:13-cv-3919-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand [5] and Plaintiff's Amended Complaint [12].

**I.    BACKGROUND**

On November 5, 2013, Plaintiff Tyreona Watson ("Plaintiff") filed, in the State Court of DeKalb County, Georgia, this personal injury action against Defendants Forest City Commercial Management, Inc. d/b/a The Mall at Stonecrest ("FCCM") and North American Midway Entertainment-All-Star Amusement, Inc. ("NAME") (collectively, "Defendants"). In her original Complaint [1-1], Plaintiff alleges that, while an invitee on Defendants' property,

she was physically attacked by third-parties.  Plaintiff asserts claims for negligence and premises liability and seeks, among other relief, judgment of "not less than one-hundred thousand dollars ($100,000)."

On November 5, 2013, Defendants were served with process.  On November 25, 2013, Defendants filed their Notice of Removal [1] removing this action to this Court on the basis of diversity jurisdiction.  The Notice of Removal, signed by counsel for FCCM and by counsel for NAME,[1] asserts that Plaintiff is a citizen of Georgia, that FCCM is an Ohio corporation with its principal place of business in Ohio, and that NAME is an Illinois corporation with its principal place of business in Illinois.

On December 2, 2013, NAME filed its Answer [2] to Plaintiff's Complaint, and on December 3, 2013, FCCM filed its Answer [3].

On December 9, 2013, Plaintiff filed her Motion to Remand on the grounds that (i) FCCM did not properly join in the removal of this action, (ii) that FCCM filed an untimely Answer, and (iii) that Defendants are citizens of Georgia because they each "have active and compliant corporation filings with the Secretary of State for the State of Georgia allowing them to transact business within this State."

---

[1] The Certificate of Service appended to the Notice of Removal is signed only by counsel for NAME.

Plaintiff did not submit any evidence in support of her Motion to Remand.

On January 17, 2014, Plaintiff filer her Amended Complaint [12] substituting North American Midway Entertainment - Southeast, LLC ("Midway LLC") as a Defendant in place of NAME.[2] The Amended Complaint does not identify the citizenship of Midway LLC.

## II.   MOTION TO REMAND

### A.   Legal Standard

Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a) (2012). Where removal is challenged, the removing party has the burden to show removal is proper, or the case must be remanded to the state court. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties [about the basis for removal] are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2006).

---

[2] On March 11, 2014, the Court entered an Order [38] authorizing the substitution of Midway LLC for NAME pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure.

B.     <u>Analysis</u>

Plaintiff first argues that Defendants' removal was defective because FCCM did not properly join in the removal. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." In this case, Defendants jointly filed a Notice of Removal, signed by counsel for NAME and by counsel for FCCM. The joint filing shows that FCCM has "join[ed] in" the removal. <u>See</u> Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 3730, at 440 & n.11 ("[A]ll of the defendants in the state court action must consent to the removal, and the notice of removal must be signed by all of the defendants . . . ."); <u>see also</u> <u>Nathe v. Pottenberg</u>, 931 F.Supp. 822, 825 (M.D. Fla. 1995) ("To effect removal, each defendant must join in the removal *by signing the notice of removal* or by explicitly stating for itself its consent on the record . . . .").[3] Plaintiff's Motion to Remand on the basis of FCCM's improper joinder in the removal is thus denied.

---

[3] Plaintiff's basis for her argument that FCCM failed to properly join in the removal is not clear. In her brief, Plaintiff states that counsel for FCCM did not sign the Certificate of Service appended to the Notice of Removal. Plaintiff does not cite, and the Court is not aware of, any authority requiring that a certificate of service appended to a filing be signed by a party or attorney who has not effected service of the filing and would therefore lack knowledge of the service. <u>Cf.</u> <u>Davis v. MCI Commc'ns Servs., Inc.</u>, 421 F. Supp. 2d 1178, 1182 n.1 (E.D. Mo. 2006) ("[T]he purpose of a certificate of service is to inform the court that the paper has been served on other parties.").

Plaintiff next argues that Defendants' removal was defective because FCCM did not file its Answer within the time required by Rule 81(c)(2) of the Federal Rules of Civil Procedure.[4]  Rule 81(c) applies to actions after removal and does not govern the removal process itself.  Plaintiff does not cite, and the Court is not aware of, any authority holding that a violation of Rule 81(c) constitutes a defect in removal or otherwise provides a basis for remand of an action.  But see Sicinski v. Reliance Funding Corp., 461 F. Supp. 649, 652 (S.D.N.Y. 1978) (holding that the filing of an untimely answer is not a basis for remand because the timeliness of a responsive pleading, under Rule 81(c), is not a statutory removal requirement); cf. Strukmyer, LLC v. Infinite Fin. Solutions, Inc., No. 3:13-cv-3798-L, 2013 WL 6388563, at *3 (N.D. Tex. Dec. 5, 2013) (explaining that "a defendant who fails to timely file an answer or a Rule 12(b) motion [within the time limits of Rule 81(c)] risks default").  Plaintiff's Motion to Remand on the basis of Rule 81(c) is thus denied.

Plaintiff next argues that removal of this action was not proper because Defendants "have active and compliant corporation filings with the Secretary of

---

[4] As applicable here, Rule 81(c)(2) requires a removing defendant to file its answer within "7 days after the notice of removal." Fed. R. Civ. P. 81(c)(2)(C). Defendants filed their Notice of Removal on November 25, 2013, and FCCM did not file its Answer until December 3, 2013, eight days later.

State for the State of Georgia allowing them to transact business within this State." Plaintiff did not submit any evidence to support this assertion. For this reason alone, Plaintiff's Motion to Remand on this basis is required to be denied. See, e.g., Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("[A]n unsworn statement in a brief, alone, [cannot] demonstrate a party's citizenship for purposes of establishing diversity jurisdiction.").[5]

### III.  SUBJECT MATTER JURISDICTION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction

---

[5] Even if the Court considered Plaintiff's assertion, it is not sufficient to warrant remand. Plaintiff appears to argue that Defendants' Georgia Secretary of State filings make Defendants Georgia citizens. This is not correct. A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c); see also Hertz Corp. v. Friend, 559 U.S. 77 (2010) (holding that "principal place of business" is a corporation's "nerve center," or "where a corporation's officers direct, control, and coordinate the corporation's activities"). In their Notice of Removal, Defendants show that they are not citizens of Georgia because FCCM is an Ohio corporation with its principal place of business in Ohio and NAME is an Illinois corporation with its principal place of business in Illinois.

*sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Although the Court concludes that diversity jurisdiction existed over this action at the time of Defendants' removal and that the removal itself was proper, the parties in this case have changed. Midway LLC has been added as a Defendant, and NAME is no longer a Defendant. Diversity jurisdiction continues to exist only if "every plaintiff [is] diverse from every defendant." See Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994); see also Ingram v. CSX Transp., Inc., 146 F.3d 858, 861–62 (11th Cir. 1998) (holding that the addition of a non-diverse defendant in a removed case defeats diversity jurisdiction).

The Notice of Removal shows that Plaintiff is a citizen of Georgia and that FCCM is a citizen of Ohio. Neither the pleadings nor other evidence in the record, however, shows the citizenship of Midway LLC. Midway LLC's name shows that it is a limited liability company and is thus a citizen of any state of which one of its members is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).[6] Because neither the pleadings nor

---

[6] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the

record evidence shows the citizenship of Midway LLC, the Court is not able to determine whether it continues to have subject matter jurisdiction over this proceeding.  The Court is required to remand this action, unless Defendants, as the parties invoking the Court's jurisdiction, submit evidence showing Midway LLC's citizenship.  See 28 U.S.C. § 1447(e) (requiring the district court to remand a removed action after the joinder of a non-diverse party); see also Travaglio, 735 F.3d at 1268–69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that the removing defendant "bears the burden of proving that federal jurisdiction exists").

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [5] is **DENIED**.

---

entity before the court." RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001-PAB-CBS, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

**IT IS FURTHER ORDERED** that Defendants submit, on or before May 2, 2014, evidence that identifies Midway LLC's citizenship.

**SO ORDERED** this 9th day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE